# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CHRIS JACKSON

        Plaintiff,

v.                               Case No. 06-CV-15274

EVERETTE ROBBINS,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR SANCTIONS"

Pending before the court is Defendant Everette Robbins's "Motion for Sanctions," which was filed on October 11, 2007. The court heard argument on this motion during an October 31, 2007 hearing that focused on Defendant's earlier-filed motion for summary judgment.[1] The court will, for the reasons stated below, grant the motion for sanctions with respect to Plaintiff's counsel only.

## I. STANDARD

Federal Rule of Civil Procedure 11 provides in relevant part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

. . . .

_____

[1]Plaintiff's counsel did not appear before the conclusion of the hearing and therefore waived oral argument.

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> . . . .
>
> (c) Sanctions.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11.  However, presenting a nonmeritorious claim does not necessarily constitute bringing a frivolous claim, because a frivolous claim is something more than an unsuccessful claim.  *Pieper v. Am. Arbitration Ass'n,* 336 F.3d 458, 465 (6th Cir. 2003).  Where the result is not obvious, and the argument is at least plausible, the claim is not frivolous.  (*Id.*)  The conduct of counsel that is the subject of sanctions is measured by an objective standard of reasonableness under the circumstances. *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986).  A district court has wide discretion to decide whether counsel has acted reasonably under the circumstances. *INVST Fin. Group, Inc., v. Chem-Nuclear Sys, Inc.,* 815 F.2d 391, 401 (6th Cir. 1987).

## II.  DISCUSSION

Defendant argues that he should receive an award of attorneys' fees and costs, claiming that Plaintiff's claim was frivolous because (1) Plaintiff was collaterally estopped from bringing his claims and (2) upon receiving the Shaw homicide investigation materials, Plaintiff had no legitimate basis to continue the suit.  (Def.'s Mot. for Sanctions at 8-9.)  Because the court did not decide the summary judgment motion on the grounds of estoppel, Defendant's first argument does not present a basis for a

sanctions award. Defendant's second argument, however, does present a persuasive basis for a sanctions award.

As detailed in the court's opinion granting Defendant's motion for summary judgment, a review of the record reveals ample evidence that cast suspicion upon Plaintiff in Defendant's murder investigation. As such, it should have been obvious to Plaintiff's counsel that any court would conclude that his claims lacked merit. Plaintiff's claims rested solely upon the allegation that he was improperly arrested and bound over for trial because of the improper conduct of Defendant. Specifically, Plaintiff claimed that Defendant procured false testimony from Shannon Davis and Billy Weaver.

As the court's previous opinion noted, it "is doubtful that there is a material question of fact regarding the falsity of the evidence." (10/31/07 Opinion at 22.) "Weaver's testimony was largely unresponsive and, intentionally or otherwise, confusing . . . . On the substantive issue of whether Weaver was present when Plaintiff asked someone else to lie for Plaintiff, Weaver could respond only with, 'I really don't recall.'" (*Id.*) The purported recantation of Davis was "partly illegible . . . [and] not notarized or otherwise sworn." (*Id.*) This "evidence" provided no meaningful record foundation for Plaintiff's claims.

Further, even if the evidence was properly presented and true, it could have had no effect on the state court's decision to bind Plaintiff over for trial. As presented in this court's lengthy exposition of the transcript of the preliminary examination, (*id.* at 4-16), the circumstantial evidence of Plaintiff's guilt was manifest: (1) his inconsistent statements to investigators, (2) his presence at and departure from the scene of the crime before calling for immediate help, (3) his strained relationship with the victim, (4)

3

the victim's reported perception of Plaintiff as a potential threat to her physical safety, (5) Plaintiff's attempt to get a false alibi, (6) Plaintiff's history of threatening his girlfriends. (*See id.* at 20-23.) The record clearly indicates that Plaintiff's claims were not warranted by existing law or by a nonfrivolous argument for a change in the law. An award of sanctions is thus proper, but the court must determine at what point Plaintiff's counsel should have realized that Plaintiff's claims were defective.

Defendant filed his summary judgment motion on September 4, 2007 and sent Plaintiff's counsel a letter on September 11, 2007. The letter formally requested dismissal within twenty-one days of the date of the letter and included a copy of the not-yet-filed motion for sanctions. (9/11/07 Letter, Def.'s Br. Ex. 1.) The court concludes that Plaintiff's counsel should have, by the end of the 21-day-period (1) reviewed the record, including Defendant's motion for summary judgment and motion for sanctions, and (2) concluded that further pursuit of Plaintiff's claims would be futile and frivolous. At this point, Defendant had already submitted voluminous exhibits that compel the conclusion that Defendant's investigation was thorough and could have in no way violated Plaintiff's constitutional rights. Plaintiff's counsel is presumed to know the law and, more specifically, that the record supported no colorable claim under Title 42, section 1983 of the United States Code. Under the circumstances, Plaintiff's counsel

did not act reasonably.  *INVST Fin. Group, Inc.*, 815 F.2d at 401.  The court will thus order Plaintiff's counsel[2] to pay all reasonable expenses that Defendant incurred in this case after the expiration of the 21-day "safe harbor" Defendant offered.[3]

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Sanctions" [Dkt. # 29] is GRANTED with respect only to Plaintiff's counsel, Nathan S. French.[4]  Defendant shall provide the court with a bill of reasonable costs by **Monday, December 3, 2007**.  Mr. French may file objections to the bill of costs, if any, by **Monday, December 10, 2007**.  Objections should be limited to the amount of sanctions and how they were calculated.  Defendant shall not file a reply brief unless the court specifically requests a reply.

　S/Robert H. Cleland　　　　　　　　　　
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2007

---

[2]Plaintiff is not responsible in his personal capacity for any sanctions.  The court does not expect someone untrained in the law to know that "[t]he Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released." *Coogan v. City of Wixom*, 820 F.2d 170, 174 (6th Cir 1987) (quotation omitted) overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001).

[3]The court's determination herein is intended to have no bearing upon the possibility that Plaintiff's counsel faces additional sanctions for his serial filing of four identical lawsuits attempting, perhaps, to circumvent this court's random assignment practices.

[4]Plaintiff purports in his response to raise his own "*sua sponte* request for sanctions against Defendant and his attorney."  (Pl.'s Resp. to Def.'s Mot. for Sanctions at 1, 5-6.)  Because Plaintiff failed to raise his request in a properly filed separate motion, the court will not recognize the request.  Further, even if properly presented, the request would fail on the merits.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522