# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRIS JACKSON,

    Plaintiff,

v.                                        Case No. 06-CV-15274

EVERETTE ROBBINS,

    Defendant.

                                        /

## OPINION AND ORDER SETTING AMOUNT OF SANCTIONS
## PURSUANT TO NOVEMBER 21, 2007 ORDER

The court previously granted Defendant Everette Robbins's motion for sanctions and directed Defendant to submit a bill of costs for appropriate sanctions against Plaintiff Chris Jackson's counsel. (11/21/07 Order.) Defendant submitted a proposed bill of costs, (12/3/07 Bill of Costs), which prompted the court to request supplemental briefing to address some concerns regarding the amount claimed. Defendant submitted a modified bill of costs, which the court will accept for the reasons stated below.

If the court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in

original and citation omitted.)  When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee to which counsel is entitled."  *Delaware Valley*, 478 U.S. at 564 (emphasis in original (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984))).

Defendant's counsel charges an hourly rate of $160.  This rate is reasonable.  The Sixth Circuit has held that a $200 hourly rate was reasonable for legal work in several types of litigation.  *See, e.g., Auto Alliance Int'l v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) ("The district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case); *Lamar Advertising Co. v. Charter Tp. of Van Buren,* Nos. 04-2500 & 04-2521, 2006 WL 1133309, *3 (6th Cir. 2006) (approving $200 hourly rate in a 42 U.S.C. § 1983 case involving Detroit area counsel).  In addition, the $65 rate claimed for 0.3 hours of work by "LC" (which may refer to a law clerk) is reasonable for the clerical work described.

Further, the court has reviewed the itemization of the 29 hours billed[1] and finds that the amount of time expended is reasonable.  The time entry descriptions are clear and they relate to work that is reimbursable pursuant to the court's previous order.

Finally, the court has reviewed the $736.32 in fees and finds that they are reasonable and comport with the scope of the sanctions award.  Accordingly,

---

[1]Defendant's counsel lists a total of 26.9 hours billed, but the arithmetic is not correct.  The court calculates 28.7 hours at $160 per hour and 0.3 hours at $65 per hour.

IT IS ORDERED that Defendant's counsel is AWARDED legal costs of $736.32 and attorney fees of $4,611.50.  A separate judgement will issue.

<pre>
                                        S/Robert H. Cleland                    
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated: January 14, 2008
</pre>

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2008, by electronic and/or ordinary mail.

<pre>
                                        S/Lisa Wagner                          
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522
</pre>